RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 / 21 / 13
            ADB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHRISTOPHER JACK (#14035-035)         DOCKET NO. 12-CV-3027 SEC. P

VERSUS                                JUDGE DRELL

WARDEN ASK-CARLSON                    MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

*Pro se* Petitioner, Christopher Jack, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Jack is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana.  He challenges his release date as calculated by the Bureau of Prisons (BOP).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons, it is recommended that the petition be denied and dismissed.

### *Facts and Background*

Christopher Jack is presently serving a sentence of 120 months of imprisonment imposed by a district judge in the Western District of Louisiana following a plea of guilty to Possession of Firearms and Ammunition by a Convicted Felon.  [5:08-cr-167]  He seeks credit against his federal sentence from September 21, 2008 through December 19, 2011.  Petitioner's argument hinges in part on his belief that no *writ of habeas corpus ad prosequendum* was issued in

his case, and that he was in the primary custody of the United States during this time frame. However, Petitioner is mistaken.

The record from Petitioner's federal criminal case reveals that Petitioner was indicted by a grand jury on May 29, 2008. An arrest warrant was issued on June 13, 2008. [5:08-cr-167, Doc.#5] **Five days later, on June 18, 2008, a Petition for Writ of Habeas Corpus ad prosequendum was filed, under seal,** by the United States on the grounds that Christopher Jack was in state custody, confined at the Bayou Dorcheat Detention Center in Minden, Louisiana[1]. [5:08-cr-167, Doc. #6] **That same day, the Court granted the government's motion and issued the writ of habeas corpus ad prosequendum.** [Doc. #7, 8] The U.S. Marshals Service assumed temporary custody of Petitioner *pursuant to the writ* on July 11, 2008.

On September 21, 2008, while in the physical custody of the Marshal service, Petitioner was released as if on parole from his state sentence in Case Number 210979. [LAWD #5:08-cr-167, Doc. #34-1, p.11] *However*, the charges from the December 21, 2007 state arrest (case number 264884) were still pending against him, and no bond had been issued.

---

[1]Petitioner had been arrested by non-federal authorities on December 21, 2007, in Caddo Parish. At the time of arrest, Petitioner was on parole for 1st District Court criminal docket #210979. Parole was revoked on January 4, 2008, and Petitioner was returned to non-federal custody to complete his state sentence.

2

On January 20, 2009, Petitioner entered a guilty plea to count one of his federal indictment, and he was sentenced to 120 months of imprisonment. [5:08-cr-167, Doc. #25] The judgment did not state that the sentence was to be concurrent with the yet-to-be-imposed state sentence.

The USMS erroneously requested designation; but, designation was cancelled, and Petitioner was returned to the custody of the State to face the still-pending Caddo Parish charges. [Doc. #1-3, p.23] On April 20, 2009, Petitioner pled guilty in Caddo Parish and was sentenced to a term of imprisonment of nine years. The state judge ordered that Petitioner receive credit for time served, and that the sentence run concurrent with any other sentence. [Doc. #1-2, p.3 & LAWD 5:08-cr-167, Doc. #34-1, p.9-10]

Petitioner remained in state custody in case #264884 until he was released to the federal authorities on December 19, 2011.

### Analysis

It appears that petitioner has exhausted his administrative remedies and his petition is properly before this court. United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990).

I.    **Time in temporary federal custody - 2008-2009**

Title 18 U.S.C. §3585(b) provides: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... *that has not been credited against another sentence*."

18 U.S.C. § 3585(b).

The record shows that Petitioner was first in the custody of the State of Louisiana after being arrested and revoked in 2007, and he was brought to the Western District through a *writ of habeas corpus ad prosequendum.* [Doc. #7 & 8 (filed under seal)] Petitioner was clearly receiving credit against his state sentence while he was in the physical custody of the marshals because he received a notice of diminution of sentence indicating that he was being released as if on parole in case number 210979.

When Petitioner was sentenced in Caddo Parish #264884 for the December 2007 charge, the judge specifically stated that Petitioner was receiving **credit for time served**. [See Doc. #1-3, p.31]

Thus, all of the time in which Petitioner was in borrowed custody of the USMS was credited against another sentence - first toward Case #210979; then, after that sentence was completed, he received credit toward his sentence from the 2007 offense in Case #264884. Because he received credit against his two state cases for the time spent in federal custody, Petitioner is not entitled to credit against his federal sentence, as well.

## II. Time in state physical custody - 2009-2011

Petitioner also seeks credit for the time spent in state custody following his federal sentencing because the state judge ordered that the state sentence was to be served concurrently to any other sentence. Title 18 U.S.C. §3584 provides, in pertinent

4

part:

>   (a) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively ... ***Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.***

A district court has discretion to order a federal term of imprisonment to run concurrently with an anticipated but yet-to-be-imposed state sentence. See United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000). However, the failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences. See Hernandez, 234 F.3d at 256-57; United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991). ***A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively.*** See Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003).

In this instance, although the state court ordered Petitioner's sentence in #264884 to run concurrently with any other sentence already imposed, this does not bind the federal authorities. "Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges

are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody." Leal v. Tombone, 341 F.3d 427, 429 n.13 (5th Cir. 2003).

## III.    Nunc Pro Tunc

According to Petitioner's administrative remedy responses, the BOP considered Petitioner's request for time spent serving his state sentences as a request for a *nunc pro tunc* designation, and his case was reviewed by the Designation and Sentence Computation Center.    The BOP determined that such designation was not appropriate in Petitioner's case.    The record shows that the BOP gave "full and fair" consideration to Petitioner's request, which is all that it is required to do. See Bureau of Prisons Program Statement 5160.05.    "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." United States v. Dovalina, 711 F.2d 737, 739 (5th Cir. 1983) (citations omitted).    Petitioner has no federal statutory or constitutional right to concurrent sentences.

### Conclusion

Because Petitioner has not shown that his consecutive sentences violate the United States Constitution or federal law, he

6

is not entitled to habeas relief under §2241. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of March, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7